General Motors Acceptance Corporation, Respondent, *v.* Clarence C. Dunham, Appellant.

Third Department, November 2, 1934.

*Frank W. Brooks*, for the appellant.

*Joseph Besch, Jr.*, for the respondent.

Crapser, J. The action was one to recover a chattel, and the relief sought was a judgment adjudging the plaintiff to be the owner of a used 1929 Buick sedan and awarding the plaintiff possession of the chattel, and in the event that the possession could not be had that the plaintiff have judgment against the defendant for the value of the chattel.

The answer of the defendant denied the material allegations of the plaintiff's complaint as to ownership and right to possession of the chattel, except that defendant admitted that he was in possession of the chattel, and as an affirmative defense alleged ownership and right of possession of the chattel on the part of the defendant.

At the close of the plaintiff's case the defendant moved for the dismissal of the complaint and for a judgment of nonsuit. The learned judge stated that he would take it under consideration and thereupon both parties moved for the direction of a verdict.

The Kingston Buick Co., Inc., on March 28, 1931, entered into a conditional sales contract with Anna V. Ennist by which it purported to sell to her the 1929 Buick sedan, subject of this controversy, and an assignment was made by the Kingston Buick Co., Inc., to the plaintiff herein.

The purchase price was $925.25; $460.25 was paid on delivery of the car, leaving a balance of $465 to be paid in monthly installments of $40 each. The first payment under the contract was due on May 3, 1931. The action was commenced on the 6th day of April, 1931, before any installment was due under the contract. Six payments were made by the conditional vendee and were accepted by the plaintiff after the date of the execution of the contract, aggregating $240.

The contract provided that the vendee, Anna V. Ennist, should not transfer any interest in this contract. By the contract it was provided that if the vendor deems the property in danger of misuse or confiscation it may take possession thereof. No evidence was given upon the question of the property being misused or confiscated. The admission that the defendant had possession of it was relied upon to show the danger of misuse or confiscation.

Upon the trial the president of the Kingston Buick Co., Inc., was permitted to testify that the automobile was worth between $900 and $950 on the twenty-eighth day of March, which was the date of the conditional sales contract. He was also permitted to testify that the reasonable value of the automobile on the 10th day of April, 1931, when it was replevined, was $950. This evidence was received over the objection and exception of the defendant.

The trial in this case was had March 21, 1934, and the president of the Kingston Buick Co., Inc., was asked what the fair and reasonable value of the automobile in question was at the time of the trial. The witness answered that he could not answer the question because he had not any idea when he had last seen the car. Several questions along this line were propounded to the witness, but his answer was that the condition of the car had a lot to do with it and he did not know the condition of the car.

The witness was asked by the court the following question: " The question was asked at the present time what is the reasonable market value in your opinion of the Buick automobile of the same description as described in these papers here. Assume that it is in good condition." The question was objected to and the court again said: "Assume the Buick automobile in question is in good condition, what in your opinion is the reasonable market value of that automobile at this time?" Again an objection was interposed and the court permitted defendant's counsel to question the witness before he was required to answer, and the witness testified that he had not seen the automobile since the 28th day of March, 1931, knew nothing about the engine's condition or any of the internal parts of the automobile, and that it was necessary for him in order to express an opinion as to the market value to know something

about the automobile, and he said that he could answer the judge's question, but that he could not give an opinion as to the value of the automobile in question, but the court persisted and again asked the witness: "Assuming that the car is in good running order, the paint is tolerably good for a car of 1929 vintage, what in your opinion is the reasonable market value? " The question was objected to and the witness answered $206, assuming it was in perfect condition. No evidence was offered to show what the condition of the automobile was.

It must be remembered that this conditional sales contract under which the plaintiff as assignee claimed the right to possession of the automobile was between the Kingston Buick Co., Inc., and Anna V. Ennist and that the defendant was not a party to it.

The purchaser is not complaining about the terms of the contract or the violation of the terms by the plaintiff. The defendant is a third party and does not stand in the same situation that the conditional vendee stood in. He has not introduced any evidence in the case indicating his right to the possession of the property in controversy, but upon this appeal relies upon the weakness of the plaintiff's case.

When the defendant made this motion without introducing any evidence the plaintiff was entitled to have the benefit of every proven fact and every inference therefrom in its favor, and if it had not been for the error committed in the introduction of the evidence in regard to the value of the automobile at the time of the trial judgment could be sustained. Fatal error was committed in that particular by asking the witness to assume facts in a hypothetical question of which there was no proof in the case. It was necessary for the verdict to fix the value of the chattel at the time of the trial and, therefore, there was no legal evidence before the court from which a verdict could have been directed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

RHODES and BLISS, JJ., concur; HILL, P. J., and HEFFERNAN, J., concur in the result and vote for reversal solely because of the failure of the plaintiff to give proof as to the value of the chattel at the date of the trial, as required by the Civil Practice Act.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.